UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHNNY GROOMS**   BOP #12847-074 | : | **CIVIL ACTION NO. 2:15-cv-191**   **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JOE YOUNG, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed in forma pauperis by *pro se* plaintiff Johnny Grooms (hereinafter "Grooms"), an inmate in the custody of the Federal Bureau of Prisons (hereinafter "BOP"). He is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (hereinafter "FCIO"). He complains about events that occurred at FCIO and during transport to Cocke County, Tennessee (hereinafter "CCT"). As defendants Grooms names: FCIO Warden Joe Young; FCIO Administrators Clint Sonnier and Ms. Miriam; CCT Deputy Billy Forrester; CCT Sheriff Armondo Fontes; and CCT Nurse Judy. Doc. 1, pp. 1-2. Grooms seeks compensatory and punitive damages for the defendants' alleged deliberate indifference to his medical needs. Doc. 1, p. 4.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

On February 14, 2013, Grooms was placed in the custody of CCT Deputy Forrester for transport to CCT to testify in a trial. Doc. 1, p. 2. Grooms states that he was forced to go to CCT

against his will. *Id.* Upon arrival at the CCT jail Forrester removed Grooms, who was in shackles, from the transport vehicle. *Id.* While walking to the jail, Grooms alleges that Forrester "began to panic and started yelling for the Plaintiff to get on his other side." *Id.* Grooms attempted to comply but tripped and fell on the concrete walkway injuring his face, shoulders, hips, and knees. *Id.* Grooms alleges that Forrester did not "have hold of him" as required. *Id.* Grooms was taken inside the jail and Nurse Judy treated his superficial wounds. *Id.* Grooms' request for x-rays was denied. *Id.*

Grooms was eventually transported back to FCIO, where he was seen by the medical staff under the supervision of defendants Miriam and Sonnier. *Id.* He alleges that Miriam and Sonnier refused to provide him with proper medical attention. *Id.* Grooms states that he continues to suffer from the fall. *Id.* He maintains that the defendants have been deliberately indifferent to his medical needs, that CCT Sheriff Fontes failed to properly train Forrester in transportation procedures, and that Forrester was negligent in failing to prevent his fall. Doc. 1, pp. 2-4.

## II.
### LAW & ANALYSIS

### A. Frivolity Review

Grooms has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep.*

*Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show that a constitutional right has been violated and that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.[1]  *Hessbrook v. Lennon,* 777 F.2d. 999, 1005 (5th Cir. 1985).

A constitutional violation occurs only when two requirements are met. First, the prison official's act or omission must result in a deprivation that is sufficiently serious, such that it results in the denial of "the minimal civilized measure of life's necessities" or denies the prisoner some basic human need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the court must determine that the prison official responsible for the deprivation has been "'deliberately indifferent' to inmate health or safety." *Farmer,* 511 U.S. at 834. A finding of deliberate indifference requires a finding that a prison official was personally aware of facts from which an

---

[1] This matter arises under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right.

- 3 -

inference could be drawn that a substantial risk of serious harm existed in undertaking the act or omission complained of, and that he or she actually drew that inference. *Id.* at 837.

### C. Medical Care

Claims for lack of or insufficient medical care are analyzed under the Eighth Amendment. An inmate's rights are violated only if the defendants act with deliberate indifference to a substantial risk of serious medical harm which results in injury. Thus, in the present case, Grooms can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were deliberately indifferent to his serious medical needs. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001).

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Id.* at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*,

648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh*, 920 F.2d 320, 321(5th Cir. 1992). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992).

Grooms' allegations simply do not rise to the level of cruel and unusual punishment under the Eight Amendment. In the instant case, the information contained in Grooms' complaint shows that he received medical treatment, albeit not to his liking. His allegations, at most, state a disagreement between him and the medical staff regarding the procedures necessary to treat his medical needs. The evidence before the court does not support a finding of deliberate indifference and his claims should be dismissed.

### D. Failure to Train

Grooms also asserts that defendant Deputy Forrester was inadequately trained by defendant Fontes. Doc. 1, p. 3.

The Supreme Court has held that the inadequacy of training amounts to a constitutional violation only where the failure to train amounts to deliberate indifference to the rights of those persons with whom the inadequately trained officers come into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989) (liability of municipality for inadequate training of police

officers). Further, the deprivation suffered as a result of the alleged failure to train must be a constitutional one. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115 (1992).

The Fifth Circuit has held that in a case involving failure to train or supervise, the plaintiff must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008)(citing *Estate of Davis v. city of N. Richland Hills,* 406 F.3d 375, 381 (5th Cir2005)). The court went on to explain that deliberate indifference meant "a conscious choice to endanger constitutional rights" and that the proof of deliberate indifference generally requires more than "a single instance of the lack of training or supervision causing a violation of constitutional rights." *Mesa*, 543 F.3d at 274. In addition, the Fifth Circuit has held that a claim of failure to train presupposes an underlying constitutional violation. *Perryman v. Bloomfield*, 69 Fed. Appx. 659 (5th Cir. 2003) (unpublished) citing *City of Canton*, 489 U.S. at 385.

In this case, Grooms has failed to show that the harm which came to him was the result of deliberate indifference to his safety. He has also failed to allege an underlying constitutional deprivation, thus, he cannot maintain a cause of action for inadequate training or supervision and his claim should be dismissed.

### E. Failure to Follow Policy

Grooms also contends that defendant Forrester's actions in not holding on to him after exiting the transport vehicle violated a rule, regulation, or prison policy. However, an alleged failure to follow prison rules and regulations does not give rise to a constitutional violation. *See Taylor v. Howards*, 268 F.3d 1063 (5th Cir. 2001)(citing *Myers v. Klevenhagen*, 97 F.3d 91, (5th Cir.1996)).

## III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Grooms's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 27th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE